Surisa Rivers, SBN 250868
Caroleen Torossian, SBN 334792
RIVERS LAW, INC., APC
2600 Foothill Blvd. Suite 203
La Crescenta, CA 91214
Phone: (818) 330-7012
Fax: (213) 402-6077
*surisa@riverslawinc.com*
*caroleen@riverslawinc.com*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., a minor, by and through his guardian ad litem, L.H., <br><br> Plaintiff, <br><br> v. <br><br> HESPERIA UNIFIED SCHOOL DISTRICT; JOSELYNE CALDERON; KRISTA CARTER; and DOES 1 TO 10, inclusive. <br> Defendants. | Case No.: 5:22-cv-00365-JWH-KK <br><br> **Plaintiff's Unopposed Motion for Approval of Compromise of a Pending Action for Disabled Minor A.H.; Memorandum of Points and Authorities in Support Thereof** <br><br> Date: April 14, 2023 <br> Time: 9:00 A.M. <br> Dept.: 9D <br><br> Hon. John W. Holcomb, United States District Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 14, 2023 at 9:00 a.m. or as soon thereafter as the matter may be heard by the Hon. John W. Holcomb in the United States District Court, Central District of California, Courtroom 9D, located at 411 W. 4ᵗʰ Street, Santa Ana, CA 92701, Plaintiff A.H., a disabled minor, by and through his guardian ad litem, L.H., will, and hereby does move this Court for approval of a compromise on the basis that the settlement agreed to by the parties after extensive negotiations, is fair, reasonable and in his best interest. Plaintiff requests approval pursuant to Central District Local Rules 17-1.2 and 17-1.3, California Code of Civil Procedure section 372, and California Rule of Court 3.1384.

A.H. requests that the proceeds of the settlement be paid or delivered to a blocked account, without bond or creation of trust.

This motion is based upon this notice, the accompanying memorandum of points and authorities; the concurrently filed declarations of Plaintiff's counsel, Surisa Rivers; the pleadings and records on file with the Court in this action; and any argument or additional evidence as may be requested by the Court or presented at the time of the hearing, if a hearing is deemed necessary.

This motion is made following the conference of Counsel pursuant to L.R. 7-3 which took place February 8, 2023 via electronic mail. Defendants do not oppose this motion.

DATED:  March 3, 2023                    RIVERS LAW, INC., APLC

By_____
                    Surisa Rivers
                    Attorneys for Plaintiff

1
2
3

# TABLE OF CONTENTS

I.    Introduction.................................................................................5

II.    Background……...........................................................................6

   A. Facts of the case..........................................................6

   B. History of Litigation and Settlement Negotiation......................................7

   C. Relief Obtained Through the Settlement Agreement................................10

III.    Argument..................................................................................11

   A. The Settlement Meets All Federal Requirements, Is in the
      Best Interests of A.H., and Was Negotiated With the
      Assistance of Experienced Counsel……………………………………11

      1. The Relief Afforded in the Settlement Agreement is
         Significant, and Will Benefit Plaintiff…………………………12

      2. The Settlement was Negotiated by Experienced Counsel,
         After Thorough Investigation By Counsel and
         The Client…………………………………………………...13

      3. Disposition of the Proceeds of the Settlement………………………15

IV.    Conclusion.................................................................................15

1

## TABLE OF AUTHORITY

2  *C.A. v. William S. Hart High Sch. Dist.*, 53 Cal. 4th 861 (2012)………………..11

3  *C.S. v. Public Safety Academy of San Bernardino*, et al., No. EDCV-14-
4     00941-RGK (DTBx) ………………………………………………………..11

5  *Castaneda v. Wendell*, 2007 WL 1322357 (E.D. Cal. 2007)
      …………………………...121

6  *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C 11-03108 LB, 2012 WL
7     1595046, (N.D. Cal. May 4, 2012) ……………………………………………11

8  *D.W. v. Los Angeles Unified School District*,
      No. 2:16-CV-4527 PSG (JCx)……………… ……………………………...11

9  *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978) …………………..9

10  *Dyess v. Tehachapi Unified School District*, No. 1:10–cv–00166
11     AWI JLT, 2011 WL 149451 (E.D. Cal. 2011) ………………………………..11

12  *Heatherly v. GD Liquor and Food* 2015 WL 4967255……………………………11

13  *M.R. v. Los Angeles Unified School District*,
      No. 2:14-cv-09811-AB (RZ) ……………………………………………..11

14  *Phelan v. Brentwood Union School District,* No. C 12–00465 LB, 2013 WL
15     323435 (N.D. Cal. 2013) ……………………………………………………10

16  *Preschooler II v. Clark Cty. Sch., Bd. Of Trustees*, 479 F.3d 1175
      (9th   Cir. 2007) ……………………………………………………………11

17  *Robidoux v. Rosengren*, 638 F.3d 1177 (2011) …………………………………9, 10

18  *Salmeron v. United States*, 724 F.2d 1357 (9th Cir. 1983) …………………………9

19  *Smith v. Menifee Union School District*, No. RIC1103951
20     (Riverside Cnty. Super.   Ct. 2011) ………………………………………...11

21  *V.N. v. Upland Unified Sch. Dist.*, No. 5:16-cv-01958-RGK-KK………………12

22  **Statutes and Rules**

23  29 U.S.C. §794a(b) ……………………………………………………………5

24  Cal. Civil Code § 51(f) ………………………………………………………11

25  California Code of Civil Procedure Section 372 ………………………………6, 10

26  California Probate Code section 3602(c)(2) ………………………………........13

27  California Rule of Court 3.1384 ……………………………………….........6, 10

28

California Rule of Court 7.951 …………………………………………………10

California Rule of Court 7.952…………………………………………………..10

California Rule of Court 7.955 …………………………………………………10

Federal Rule of Civil Procedure 17(c) ………………………………………...9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff A.H. is a young, bright, nine-year-old, African American girl who has been clinically diagnosed with Autism Spectrum Disorder ("ASD") and Attention-Deficit/Hyperactivity Disorder ("ADHD"). Plaintiff's medical diagnosis and history of early childhood trauma often cause him to feel emotionally overwhelmed in his classrooms and to experience behavioral crises. Plaintiff was found eligible for special education in March 2018 based on a speech and language disability with profound phonological delays. Although he was eligible for special education and had frequent behavioral crises, Defendant only conducted a speech and language assessment and failed to assess relating his behavioral and social/emotional needs.

In this matter, Plaintiff alleged that Defendants unlawfully denied A.H. meaningful access to his education and a right to free and appropriate education. Consequently, Plaintiff suffered and continues to suffer severe emotional distress and fear relating to his time at Lime Street Elementary School. Plaintiff also lost substantial educational opportunity based on the District's denial of meaningful access to its educational program as described above.

Plaintiff brought suit for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"); Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, *et seq.* ("Section 504"); Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*; 42 U.S.C. § 1983 (Equal Protection Clause of the 14th Amendment); 42 U.S.C. § 1983 (Due Process Clause of the 14th Amendment); California Disabled Persons Act, Cal. Civ. Code § 54; Cal. Educ. Code § 49005; Cal. Educ. Code §§ 200, 201, 220 and 262.4; and other tort laws. The parties have now reached a settlement in this matter, which—upon the Court's approval—will provide for a monetary settlement for Plaintiff.

More specifically, the settlement provides for a total settlement of $20,000. Of this, $15,000 will be provided to A.H. and the remaining $5,000 from the settlement will be paid to Plaintiff's counsel to cover litigation costs relating to this case.

Pursuant to Central District Local Rule 17-1.2, California Code of Civil Procedure section 372, and California Rule of Court 3.1384, Plaintiff A.H., by and through L.H., his guardian ad litem, now requests an order from this Court approving the settlement of this matter.

## II. BACKGROUND

### A. Facts of the Case

A.H. is an nine-year-old bright child who has been clinically diagnosed with Autism Spectrum Disorder ("ASD") and Attention-Deficit/Hyperactivity Disorder ("ADHD"). Plaintiff's medical diagnosis and history of early childhood trauma often cause him to feel emotionally overwhelmed in his classrooms and to experience behavioral crises. Plaintiff was found eligible for special education in March 2018 based on a speech and language disability with profound phonological delays. Although he was eligible for special education and had frequent behavioral crises, Defendant only conducted a speech and language assessment and failed to assess relating his behavioral and social/emotional needs.

Plaintiff's Guardian, L.H., constantly expressed concerns regarding her son's behavioral and social/emotional needs. Regardless, Defendant failed to offer him the appropriate assessments or goals apart from a speech goal to improve Plaintiff's speech intelligibility.

Once Plaintiff was ready to begin preschool, Defendant failed to offer him preschool placement. Without the appropriate early intervention services, behavioral and social-emotional support or placement, Plaintiff's disabilities went

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

6

1  unaddressed during a crucial time in his development which required early
2  intervention.

3      Plaintiff's Guardian expressed her concerns again during Plaintiff's IEP
4  meetings on February 6, 2019 and August 14, 2019, and asked for appropriate
5  placement and supports and services for him to access his education. She
6  informed them of Plaintiff's behavioral issues which caused him to be kicked out
7  of his Head Start Program. However, Defendant still failed to offer Plaintiff the
8  appropriate placement he needed. Instead, Defendant continued to offer Plaintiff
9  placement in general education kindergarten without any behavioral support or
10 services, such as aide support. At this time, Plaintiff's Guardian felt unsafe
11 allowing Plaintiff to be enrolled in a large general education classroom without
12 any behavioral support or services, due to his history of behavioral crises. Still,
13 Defendant did not take action. As such, Plaintiff was not able to enroll within the
14 District. Once again, Plaintiff was denied a free and appropriate education and/or
15 meaningful access to his education by Defendant to which he was entitled.

16     Plaintiff's guardian had no choice but to enroll Plaintiff to Pathways
17 Charter School where he began kindergarten. However, they did not have
18 sufficient resources to support Plaintiff's maladaptive behaviors. Later, Plaintiff's
19 guardian enrolled him in Lime St. Elementary within the District. Although the
20 IEP team knew that Plaintiff was struggling, among other things, with behavioral
21 issues, Defendant once again failed to offer adequate behavioral support services
22 to allow him to access his education. Instead, the school would contact Plaintiff's
23 guardian constantly to pick up Plaintiff from school. Again, the District continued
24 to fail to offer Plaintiff a free and appropriate education.

25     Matters got worse for Plaintiff and his guardian when Plaintiff informed
26 his guardian that he was being kept in a bathroom by his aides for behaving
27 badly. Defendant CALDERON and Defendant CARTER admitted to placing

28

Plaintiff in a school bathroom for non-pedagogical purposes. Plaintiff's guardian notified school personnel and she was told that they investigated the situation and took the necessary steps to ensure it was discontinued. However, on or about March 2, 2020, Plaintiff arrived at his private daycare afterschool program with dried-up tears and visibly upset. When asked why he had been crying, Plaintiff responded, "they put me in the bathroom. They locked me in the bathroom." Plaintiff's guardian was left with no choice and disenrolled Plaintiff from the District.

Accordingly, Plaintiff brought this action against the Defendants.

**History of Litigation and Settlement Negotiations**

Plaintiff filed a civil complaint on February 28, 2022, alleging violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the Unruh Civil Rights Act, Section 1983 violations, and various state law torts. Docket No. 1. *See also* Rivers Decl. ¶ 7. On May 11, 2022, Plaintiff filed his first amended complaint ("FAC") against Defendants, only amending a new cause of action under the California Disabled Persons Act, Cal. Civ. Code Section 54. Docket No. 16. *See also* Rivers Decl. ¶ 8.

On July 6, 2022, Defendants filed their answer to Plaintiff's FAC. Docket No. 26. *See also* Rivers Decl. ¶ 9.

The parties engaged in arm's length negotiations in this matter for a few months. *See* Rivers Decl. ¶ 10. On February 8, 2023, the parties agreed to settle the matter. *See* Rivers Decl. ¶ 10. Through a general release between the parties, the fully executed settlement agreement resolves Plaintiff's pending federal case. *See* Rivers Decl. ¶ 10.

**B.  Relief Obtained Through the Settlement Agreement**

The parties reached a settlement that calls for a total payment of $20,000. *See* Rivers Decl. ¶ 11. Of the monetary amounts, $15,000 will be payable to

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

8

Plaintiff as damages in this matter. *See* Rivers Decl. ¶ 12. The remaining amount will cover costs relating to this matter, which amounts to $5,000. *See* Rivers Decl. ¶ 13.

Given the extensive negotiations between the parties, counsel for Plaintiff is confident that this settlement represents a fair compromise for Plaintiff. Plaintiff's counsel is only recovering already incurred costs relating to this litigation.

Defendant has not agreed to pay money to any person or persons other than Plaintiff, as described above, to settle claims arising out of the same incidents at issue in this case. *See* Rivers Decl. ¶ 14. The plaintiff does not have medical expenses to be reimbursed from the settlement or judgment proceeds. *See* Rivers Decl. ¶ 15. Both Plaintiff's counsel and his guardian ad litem agree that this is a fair settlement in this matter and recommend that the Court approve the compromise.

## III. ARGUMENT

### A.    The Settlement Meets All Federal Requirements, is in the Best Interests of A.H., and Was Negotiated with the Assistance of Experienced Counsel.

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are disabled. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (2011). Rule 17(c) provides, in relevant part, that a district court "must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving incompetent plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

9

and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In particular, the Court should evaluate the question of whether the net amount distributed to the plaintiff in the settlement is fair and reasonable, considering the facts of the case, the specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1182. This evaluation must be made "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel."[1] *Id.; see also Phelan v. Brentwood Union School District,* No. C 12–00465 LB, 2013 WL 323435 (N.D. Cal. 2013) (applying *Robidoux* to a case involving both federal and state claims).

Based on this standard, the Court should approve the order for compromise in this case.[2]

## 1.     The Relief Afforded in the Settlement Agreement is Significant and Will Benefit Plaintiff.

Plaintiff will receive $15,000 in damages through this settlement. *See* Rivers Decl. ¶ 12. Counsel and Plaintiff's guardian ad litem believe that this settlement is in Plaintiff's best interests. Plaintiff has claims in this case for damages pursuant to

---

[1] Among other things, the Ninth Circuit held that reliance on state law in the minor's compromise setting "places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Robidoux*, 638 F.3d at 1182.

[2] Although *Robidoux* articulates the standard under federal law, this Court's local rules also reference California law. *See* Local Rule 17-1.3. To the extent necessary, this motion and supplemental declarations provide the information necessary under California law for approval of disabled minor's settlements. *See* California Code of Civil Procedure Section 372 (appointment of guardian ad litem); California Rule of Court 3.1384 (petitions should comply with rules of court 7.950, 7.951, and 7.952); California Rule of Court 7.951 (disclosure of attorneys' interest in compromise of claim); California Rule of Court 7.952 (requiring attendance of person compromising claim unless good cause excuses); and California Rule of Court 7.955 (factors in evaluating attorneys' fees for minors).

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

10

1  the ADA and Section 504. *See, e.g., Heatherly v. GD Liquor and Food* 2015 WL

2  4967255; *Preschooler II v. Clark Cty. Sch., Bd. Of Trustees*, 479 F.3d 1175, 1181

3  (9th Cir. 2007). Plaintiff has damages claims pursuant to her state law claims. *See,*

4  *e.g.,* Cal. Civil Code § 51(f); *Heatherly v. GD Liquor and Food* 2015 WL 4967255

5  (claims for California's Disabled Persons Act); *C.A. v. William S. Hart High Sch.*

6  *Dist.*, 53 Cal. 4th 861 (2012) (claims for negligent supervision). Cases in this area

7  have a wide range of damages. There are not many public settlements in cases of

8  this nature. However, a review of analogous settlements in the educational setting

9  demonstrates that this settlement is within the range that courts have approved. *See,*

10  *e.g., Colbey T. v. Mt. Diablo Unified School District*, No. C 11–03108 LB, 2012

11  WL 1595046 (N.D. Cal. 2012) (settlement for $28,650 for special education

12  student who was attacked by another student in "time out" room resulting in

13  physical injury); *Dyess v. Tehachapi Unified School District*, No. 1:10–cv–00166

14  AWI JLT, 2011 WL 149451 (E.D. Cal. 2011) ($72,668 for a student in sex

15  harassment case); *Smith v. Menifee Union School District*, No. RIC1103951

16  (Riverside Cnty. Super. Ct. 2011) ($25,000 for physical and verbal harassment at

17  school); *Castaneda v. Wendell*, 2007 WL 1322357 (E.D. Cal. 2007) ($32,939

18  settlement for in a case involving high school student detained and strip-searched);

19  (*M.R. v. Los Angeles Unified School District*, No. 2:14-cv-09811-AB (RZ) (order

20  approving minor's compromise payment of $50,000 to minor in case under ADA

21  alleging failure to remove physical access barriers) (August 10, 2016)); (*C.S. v.*

22  *Public Safety Academy of San Bernardino*, et al., No. EDCV-14-00941-RGK

23  (DTBx) (order approving minor's compromise payment of $40,000 to minor in a

24  case under ADA alleging discriminatory grading policy at charter school) (May 4,

25  2015)); (*D.W. v. Los Angeles Unified School District*, No. 2:16-CV-4527 PSG

26  (JCx) (order approving minor's compromise payment of $75,000 under ADA and

27  Section 504 for failure to provide accommodations and services related to Type I

28

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING
ACTION FOR DISABLED MINOR A.H.

Diabetes) (May 30, 2017)); (*V.N. v. Upland Unified Sch. Dist.*, No. 5:16-cv-01958-RGK-KK (order approving minor's compromise settlement of $95,000 for failure to provide accommodations and services related to Diabetes) (November 6, 2017)).

### 2.    The Settlement Was Negotiated by Experienced Counsel, After Thorough Investigation by Counsel and the Client.

In this case and motion, the plaintiff has been represented by Rivers Law Inc., APC. Counsel began representing Plaintiff in early 2021 in connection with his administrative special education case and has represented him continuously since that time. Plaintiff and counsel have an agreement for services provided in connection with this case. Pursuant to the agreement, counsel did not charge any fees to Plaintiff, but Plaintiff understood that counsel would seek fees either through court order or settlement. *See* Rivers Decl. ¶ 19. Counsel explicitly discussed with A.H.'s mother (who is guardian ad litem), the breakdown of fees and costs in relation to the payment to A.H. *See* Rivers Decl. ¶ 19. However, Plaintiff's counsel is only recovering already incurred costs relating to this litigation. *See* Rivers Decl. ¶ 19.

Here, the settlement calls for payment of $20,000, $5,000 of which will be used as payment of attorneys' costs and out-of-pocket expenses expended by counsel. *See* Rivers Decl. ¶ 13. These amounts are appropriate under all applicable standards. *See* Rivers Decl. ¶ 27.

Plaintiff's counsel has not received attorneys' fees or other compensation for this case, other than that proposed in the settlement agreement. *See* Rivers Decl. ¶ 28. Counsel does not expect to receive attorney's fees or other compensation for this case in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *See* Rivers Decl. ¶ 28. Counsel took this case on a contingency basis and has not charged A.H. any fees or costs incurred in this matter. *See* Rivers Decl. ¶ 28.

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

12

Counsel did not become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. *See* Rivers Decl. ¶ 29. Plaintiff's counsel is not representing or employed by any other party or insurance carrier involved in the matter. *See* Rivers Decl. ¶ 29.

A.H.'s guardian was very involved throughout the case and the settlement process. Rivers Decl. ¶ 6. His guardian was present throughout the litigation and agreed to the initial demand and each counteroffer. Rivers Decl. ¶ 6. A.H.'s mother and guardian ad litem fully support this settlement. Rivers Decl. ¶ 6.

Counsel for Plaintiff has conducted a careful and diligent inquiry and investigation to ascertain the facts relating to the incidents as described. *See* Rivers Decl. ¶ 27. A.H.'s guardian is fully satisfied with the agreement overall, A.H.'s share of damages, and the attorneys' share in fees and costs. *See* Rivers Decl. ¶ 19. She fully understands that if the settlement proposed in this petition is approved by the Court and is consummated, A.H. will be barred from seeking any further recovery of compensation from Defendants related to the incidents alleged in the lawsuit. *See* Rivers Decl. ¶ 17. Plaintiff and Plaintiff's counsel are therefore pleased with the outcome of the litigation and the compensation that A.H. will receive for the harm that he allegedly suffered.

Moreover, counsel for Plaintiff has made a careful and diligent inquiry and investigation to ascertain the facts relating to this matter, the District's potential liability, and any potential harm to Plaintiff. *See* Rivers Decl. ¶ 27.

### 3.    <u>Disposition of the Proceeds of the Settlement</u>

This Court has discretion, pursuant to California Probate Code section 3602(c)(2), to order A.H.'s portion of the settlement to be held on such conditions as in the best interest of A.H. Here, A.H. has been represented by L.H., his mother and court-appointed guardian ad litem. L.H. resides with A.H. and is fully

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

13

responsible for his care. As good cause is shown, there is no need or requirement that his settlement proceeds be placed in a special need or another trust instrument. Instead, A.H.'s mother and guardian requests that the funds be placed in a CUTMA account at Arrowhead Credit Union in Victorville, CA due to A.H.'s disability. A.H. is unable to care for himself and will not be able to care for himself once he turns 18. As such, L.H. will remain to be his guardian and will make sure that A.H.'s funds in the CUTMA are used for the sole benefit of A.H.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests approval of the Settlement Agreement in this action.

DATED:  March 3, 2023                    RIVERS LAW, INC., APLC

By_____
Surisa Rivers
Attorneys for Plaintiff

PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF A PENDING ACTION FOR DISABLED MINOR A.H.

14