UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., a minor, by and through his guardian ad litem, L.H.,<br><br>Plaintiff,<br><br>v.<br><br>HESPERIA UNIFIED SCHOOL DISTRICT; JOSELYNE CALDERON; KRISTA CARTER; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00365-JWH-KK<br><br>**ORDER ON UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF PENDING ACTION [ECF No. 35]** |

Before the Court is the unopposed motion of Plaintiff A.H., by and through his guardian ad litem, L.H., for approval of compromise.[1]  The Court finds that the Motion is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For reasons explained below, the Court **GRANTS** the Motion.

## I.     BACKGROUND

A.H. is a bright, nine-year-old, African American child who has been clinically diagnosed with autism spectrum disorder and ADHD.[2]  Defendant Hesperia Unified School District is a public school district in San Bernadino County.[3]  Defendants Joselyn Calderon and Krista Carter are aides employed by Hesperia Unified School District.[4]

A.H.'s medical diagnosis and history of early childhood trauma often cause him to feel emotionally overwhelmed in his classroom and to experience behavioral crises.[5]  In March 2018, A.H. was found to be eligible for special education services, based upon his speech and language disabilities.[6]  Although A.H. was eligible for special education and he experienced frequent behavioral crises, Defendants repeatedly failed to offer him the necessary behavioral support services that would allow him to access his education in a meaningful way.[7]  As a result of those repeated failures, A.H. suffered, and continues to

---

[1]     Pl.'s Unopposed Motion for Approval of Compromise of a Pending Action for Disabled Minor A.H. (the "Motion") [ECF No. 35].
[2]     First Am. Compl. (the "Amended Complaint") [ECF No. 16] ¶ 8.
[3]     *Id.* at ¶ 4.
[4]     *Id.* at ¶¶ 5 & 6.
[5]     *Id.* at ¶ 9.
[6]     *Id.* at ¶ 10.
[7]     *Id.* at ¶¶ 22-25, 28, 30, & 34.

suffer, severe emotional distress and fear relating to school.[8] A.H. also lost substantial educational opportunity as a result of Defendants' repeated failures.[9]

A.H. commenced this action in February 2022.[10] Three months later, A.H. amended his complaint,[11] asserting the following 11 claims for relief:

- a discrimination claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*;
- a claim under § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 794, *et seq.*;
- a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*;
- an equal protection claim under to 42 U.S.C. § 1983;
- a due process claim under 42 U.S.C. § 1983;
- a claim under the California Disabled Persons Act, Cal. Civ. Code § 54;
- a claim under Cal. Educ. Code § 49005;
- a claim under Cal. Educ. Code §§ 200, 201, 220, and 262.4;
- a false imprisonment claim;
- a negligence claim; and
- a negligent supervision claim.[12]

A.H. filed the instant Motion in March 2023,[13] and it is unopposed.

## II. LEGAL STANDARD

When a district court reviews a prospective settlement with a minor, the court "ha[s] a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*,

---

[8] *Id.* at ¶ 35.
[9] *Id.* at ¶ 37.
[10] *See generally* Compl. [ECF No. 1].
[11] *See generally* Amended Complaint.
[12] *Id.* at ¶¶ 41-147.
[13] *See generally* See generally Motion.

638 F.3d 1177, 1181 (9th Cir. 2011).  A district court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983) (citation omitted).

Under this Court's Local Rules, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." L.R. 17-1.2.

In evaluating a compromise, a district court should "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.  This evaluation should be performed "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)).

### III. ANALYSIS

The proposed settlement between A.H. and Defendants involves a payment of $20,000.[14]  The settlement amount will be apportioned as follows:

- $15,000 will be provided to A.H.; and
- $5,000 will be allocated for attorney fees.[15]

---

[14]  Motion 8:26; Pl.'s Decl. of Surisa Rivers in Support of the Motion (the "Rivers Declaration") [ECF No. 35-1] ¶ 11.

[15]  Motion 8:27-9:3; Rivers Declaration ¶¶ 12 & 13.

Here, considering the facts of the case, the specific claims at issue, and recovery in similar cases, the Court concludes that the net amount distributed to A.H. is fair and reasonable.

In this case, A.H. seeks relief pursuant to the ADA, § 504 of the Rehabilitation Act, and various state statutes arising from Defendants' repeated failures to provide A.H. with meaningful access to education. Although A.H.'s counsel notes that "there are not many public settlements in cases of this nature,"[16] the Court's review of analogous settlements in the educational setting satisfies it that the proposed settlement is well within the range that courts within the Ninth Circuit have approved. *See, e.g.*, *Colbey T. v. Mt. Diablo Unified School District*, 2012 WL 1595046 (N.D. Cal. 2012) (settlement for $28,650 for a special education student who was attacked by another student in a "time out" room resulting in physical injury); *Smith v. Menifee Union School District*, No. RIC1103951 (Riverside Cnty. Super. Ct. 2011) ($25,000 for physical and verbal harassment at school); *Castaneda v. Wendell*, 2007 WL 1322357 (E.D. Cal. 2007) ($32,939 settlement for a case involving a high school student detained and strip-searched). Counsel also represents that A.H.'s guardian is "fully satisfied" with the settlement agreement overall, with A.H.'s share of damages, and with the attorneys' share in fees and costs.[17] Based upon that information, the Court determines that the proposed settlement is fair, reasonable, and in A.H.'s best interests as a minor.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The instant Motion for Approval of Compromise is **GRANTED**.

---

[16] Motion 11:7-8.

[17] *Id.* at 13:12-13; Rivers Declaration ¶ 19.

2. On or before August 25, 2023, the parties are **DIRECTED** to file either:

    a. a Stipulation of Dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure;

    b. a Stipulation for an Order of Dismissal under Rule 41(a)(2);

or

    c. a Joint Status Report advising the Court regarding the parties' proposal for resolving this case.

3. A Status Conference is **SET** for September 8, 2023, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: August 7, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-6-